IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TENNESSEE RIVER HOMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.  04-1286 T/An |
| ) | |
| SOUTHERN ENERGY HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is the parties' Agreed Order filed with the Court on July 7, 2005. The Agreed Order asks the Court to grant an extension of time within which Defendant may file a dispositive motion. The Agreed Order similarly permits Plaintiff an extension of time within which it should be allowed to respond to Defendant's dispositive motion, and the Agreed Order permits Defendant to file a reply to Plaintiff's response.

After due consideration, the Agreed Order submitted by the parties is **DENIED** without prejudice. Local Rules for the Western District of Tennessee require that a Motion to Modify the Scheduling Order be filed to extend pre-trial deadlines. *See generally* Local Rule 7.2 for the Western District of Tennessee. Furthermore, Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the District Judge, or when authorized by Local Rule, by a Magistrate Judge."[1] Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's

---

[1] Pursuant to Administrative Order No. 2003, Motions to Amend Scheduling Order are to be decided by the Magistrate Judge without a specific order of reference.

1

diligence in attempting to meet the case management orders and requirements." *Latonia Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Neither the Local Rules or the Federal Rules of Civil Procedure permit counsel to simply submit an Agreed Order. The parties must submit a motion and show good cause why the Rule 16(b) Scheduling Order should be amended.

A trial in this matter is currently set to occur before United States District Judge James D. Todd on October 24, 2005. In light of the current trial date, the modification requested by counsel for the dispositive motion deadline is not reasonable. The requested modification would not allow sufficient time for the Court to rule on any dispositive motions prior to trial. Furthermore, the Local Rules for the Western District of Tennessee do not allow a party to file a reply to a response, except by leave of the Court.

If the parties want to modify the Scheduling Order, they should file an appropriate motion that complies with the Local Rules and the Federal Rules of Civil Procedure. Furthermore, in light of the approaching trial date, it appears that a continuance of the trial date would be required if the parties desire to modify the Scheduling Order as indicated in the Agreed Order. Therefore, counsel should include a request to continue the trial date if they desire a modification of the dispositive motion deadline comparable to that continued in the Agreed Order. For these reasons, the Agreed Order is **DENIED** without prejudice.

**IT IS SO ORDERED.**

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: July 26, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:04-CV-01286 was distributed by fax, mail, or direct printing on July 26, 2005 to the parties listed.

---

William S. Rutchow
OGLETREE DEAKINS NASH SMOAK & STEWART
424 Church St.
Ste. 800
Nashville, TN 37219

Stuart B. Breakstone
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT